571 A.2d 531

PENNSYLVANIA STATE LODGE OF the FRATERNAL
ORDER OF POLICE, by Francis P. BASCELLI,
Trustee Ad Litem, Petitioner,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1989.

Decided March 5, 1990.

James L. McAneny, with him, Gary M. Lightman, Harrisburg, for petitioner.

Jules S. Henshell, Sr. Deputy Atty. Gen., with him, John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., for respondent.

Robert E. Durrant, with him, Michael L. Brungo, Meyer, Darragh, Buckler, Bebenek, Eck and Hall, Pittsburgh, for amicus curiae, Pennsylvania League of Cities, et al.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

Presently before this court, in this original jurisdiction matter, are the preliminary objections of the Commonwealth of Pennsylvania (Commonwealth) to the petition for declaratory judgment filed by the Pennsylvania State Lodge of the Fraternal Order of Police (FOP). For the reasons set forth below, we sustain the preliminary objections and dismiss the petition.

In its petition for declaratory judgment, FOP challenges the validity of various statutes which provide for the establishment and maintenance of pension plans for municipal police officers within the different classes of municipalities. FOP alleges that the pension laws are in conflict with article III, section 31 of the Pennsylvania Constitution which authorizes collective bargaining between municipalities and police officers and the Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10 (Act 111), which implements article III, section 31. Act 111 gives police officers the

"right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits...." Section 1 of Act 111, 43 P.S. § 217.1. FOP further alleges that the Commonwealth has failed or refused to take all necessary administrative or legislative action to implement all collective bargaining agreements and/or arbitration awards which have been issued pursuant to Act 111, and that said inaction is erroneous and unconstitutional.

FOP seeks a declaratory judgment that (1) declares the Commonwealth is bound by the terms of collective bargaining agreements and arbitration awards and must take all necessary administrative action or enact such legislation to effectuate all collective bargaining agreements and arbitration awards; (2) declares that the various pension laws provide the minimum pension benefits allowable; (3) declares that actions under Act 111 are unrestricted by the pension laws; (4) finds the pension laws violate the equal protection guarantees of both the state and federal constitutions; (5) finds the pension laws violate article III, section 32 of the Pennsylvania Constitution; (6) finds that the pension laws are special laws violative of article IX, section 1 of the Pennsylvania Constitution; (7) finds that the contribution rates for police pensions are nonuniform taxes in violation of article VIII, section 1 of the Pennsylvania Constitution; and (8) finds that the pension laws are an unlawful interference with the freedom of contract in violation of article I, section 1 of the Pennsylvania Constitution.

The Commonwealth filed preliminary objections in the nature of (1) motion for more specific pleading; (2) demurrer; (3) petition raising a question of jurisdiction; and (4) petition raising a question of failure to join indispensable parties. FOP filed no response. Because we believe it dispositive, we shall address the issue of jurisdiction first.

█ The Commonwealth alleges that this court lacks subject matter jurisdiction because FOP lacks standing and its petition for declaratory judgment fails to identify any

actual case or controversy between the parties. To have standing, one must plead facts which establish a direct, immediate and substantial injury. *Citizens for State Hospital v. Commonwealth of Pennsylvania*, 123 Pa.Commonwealth Ct. 150, 553 A.2d 496 (1989). Furthermore, there must be a causal link between the injury and the conduct of which the party complains. *Id.* Where a plaintiff fails to allege an injury which he has suffered as a result of the defendant's conduct, the plaintiff lacks standing to maintain the suit. *Nye v. Erie Insurance Exchange*, 504 Pa. 3, 470 A.2d 98 (1983).

■ As alleged in its petition, FOP seeks declaratory relief because a number of provisions concerning retirement, pensions and other benefits contained in collective bargaining agreements or arbitration awards have been denied enforcement. However, FOP has not alleged any term contained in any contract with the Commonwealth or any arbitration award against the Commonwealth that has not been enforced as a result of the statutes in question.

Furthermore, the possibility of future litigation, between FOP and some unnamed party is insufficient to establish an immediate injury. Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. *Rich v. Commonwealth of Pennsylvania, Department of General Services*, 130 Pa.Commonwealth Ct. 71, 566 A.2d 1279 (1989). Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur; it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation. *Id.*

We conclude that there is no case or controversy between the parties, nor is there a possibility of any controversy in the immediate future, for which we are empowered to declare rights. Accordingly, we sustain the preliminary objection of the Commonwealth raising a question of jurisdiction, and dismiss the petition for declaratory judgment.

## ORDER

AND NOW, March 5, 1990, the preliminary objection of the Commonwealth of Pennsylvania, raising a question of jurisdiction, in the above captioned matter is sustained, and the petition for declaratory judgment is dismissed.