ENVIROTEST PARTNERS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and Richard W. Hayden, Respondents.

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.
Decided Aug. 17, 1995.

---

J. Bradford McIlvain, for petitioner.

Robert J. Shea, Assistant Chief Counsel, for respondent, Dept. of Transp.

Norman James Kennard, for respondent Richard W. Hayden.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Presently before this court for disposition are the preliminary objections of the Pennsylvania Department of Transportation (DOT) and Richard W. Hayden to the petition for review in the nature of a complaint

for declaratory judgment of Envirotest Partners (Envirotest) filed in our original jurisdiction.

On January 30, 1995, Envirotest filed with this court a petition for review seeking a declaratory judgment determining that certain documents should not be produced by DOT to Hayden pursuant to what is commonly referred to as the Right to Know Act (Act).[1] The facts as pled in Envirotest's petition are as follows.

Envirotest is a general partnership existing under the laws of Pennsylvania. Hayden is a lawyer residing in Philadelphia, Pennsylvania.

DOT issued a request for proposals (RFP) to perform the centralized emission inspection program (I/M Program) in twenty-five Commonwealth counties and selected Envirotest's Alternate Proposal 3 (proposal) as the winning proposal. As a result, Envirotest and DOT entered into a contract dated November 11, 1993, for Envirotest to perform the I/M Program. Paragraph 29d of the contract contains the following language:

> To the extent permitted by law or order of court, the Commonwealth will attempt to honor any confidentiality request of the Contractor. This duty on the Commonwealth shall not apply to any disclosure by the Commonwealth as a result of any type of investigation. Prior to turning over any material requested, the Commonwealth will give at least five (5) days prior written notice to Contractor and afford Contractor the opportunity to review such request. The Commonwealth shall not comply with such request except pursuant to a final non-appealable court order.

The contract states further that "In the case of dispute, the order of precedence is, (1) this Contract, (2) the RFP 111142, 1987–1734, (3) the Contractor's Proposal dated September 7, 1993." [2]

Envirotest advised DOT that certain designated portions of Envirotest's proposal contain confidential business information (confidential information) which Envirotest has spent significant funds to develop in order to obtain a competitive advantage over competitors, including Systems Control, Inc. Upon information and belief, Envirotest believes that Hayden represents Systems Control, Inc., a competitor of Envirotest.

Pursuant to the Act, Hayden made a written request to DOT on November 3, 1994, for release of contract documents pertaining to the Envirotest contract with DOT to provide construction and management services of centralized emissions inspection centers in Pennsylvania. DOT advised Envirotest that Hayden requested the confidential information.

In response, Envirotest filed the within petition seeking a declaratory judgment that all portions of its proposal designated confidential are not public records and, pursuant to the contract, should not be produced in response to requests asserted under the Act. As a basis for the requested relief, Envirotest avers, *inter alia*, in its petition that (1) the information requested by Hayden is not a public record as the contract does not deal with the receipt or disbursement of public funds; (2) access to or publication of the confidential information is prohibited, restricted or forbidden by Pennsylvania law; (3) access to or publication of the confidential information would prejudice or impair Envirotest's reputation by eliminating the competitive advantage provided by the confidential information which Envirotest has spent significant sums to develop; (4) access to or publication of the confidential information would result in the loss by the Commonwealth of federal funds; and (5) disclosure of the confidential portion of the proposal would unlevel the playing field in the event of a rebid by allowing Envirotest's competitors to obtain such information.

In response to Envirotest's petition, both DOT and Hayden filed preliminary objections thereto. DOT has filed a preliminary objection in the nature of a demurrer alleging that Envirotest has failed to state a claim

---

1. Act of June 2, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

2. Pursuant to the contract which is attached as Exhibit A to the petition, Envirotest's proposal and the RFP are incorporated by reference into the contract through Rider A.

sufficient to permit an award of the relief requested. DOT's position is that the entire proposal is subject to disclosure under the Act as the contract and each of its elements is a public record as defined in the Act. Further, DOT avers that there is no cognizable basis for exempting any portion of Envirotest's proposal, which is incorporated by reference into the contract, from such disclosure under the Act.

Hayden's preliminary objections allege that this court lacks original jurisdiction over this matter as the Act vests only appellate and not original jurisdiction in this court. Hayden alleges further that Envirotest failed to timely appeal within thirty (30) days from DOT's determination granting Hayden's request for the public records; therefore, Envirotest's petition should be dismissed.

Hayden has also filed a preliminary objection requesting the dismissal of the petition for Envirotest's failure to state a cause of action. Hayden's allegations in support of this preliminary objection mirror DOT's allegations in support of its preliminary objection in the nature of demurrer.

 Initially, we note that in ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski*, 167 Pa.Commonwealth Ct. 458, 648 A.2d 595 (1994). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.* With these standards in mind, we consider DOT's and Hayden's preliminary objections

first addressing the issue of this court's jurisdiction.

██ In support of its objection that this court lacks original jurisdiction and that Envirotest has failed to file a timely appeal, Hayden argues that, pursuant to the Act, this court has only appellate and not original jurisdiction. Hayden contends that since this court lacks original jurisdiction, the proper characterization of Envirotest's action is a petition for review under Pa.R.A.P. 1502 and Pa.R.A.P. 1503, which require that the petition for review shall be the exclusive procedure for judicial review of a governmental determination and that improvident appeals shall be regarded and acted upon as a petition for review of such governmental determination. Consequently, Hayden argues, Envirotest's petition is governed by Pa. R.A.P. 1511, Manner of Obtaining Judicial Review of Governmental Determinations, and Pa.R.A.P. 1512, which provides that a petition for review from a governmental determination shall be filed within thirty days of the date of the determination or entry of the order. Hayden points out that DOT granted his request for the disclosure of the public records by letter dated November 30, 1994, but that Envirotest did not file a petition for review from that determination until January 30, 1995, or sixty (60) days later.[3]

We disagree with Hayden that Envirotest's petition should be treated as a petition for review in this court's appellate jurisdiction. Section 2 of the Act provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." 65 P.S. § 66.2. Pursuant to section 4 of the Act, any citizen of the Commonwealth denied any right

---

**3.** DOT's letter of November 30, 1994 is attached as Exhibit C to Hayden's preliminary objections. The letter informs Hayden that Envirotest, through its counsel, has taken the position that none of the proposal is a public record as defined under the Act. The letter further informs Hayden that Envirotest agreed to release 241 pages of the proposal without the requisite five-day notice and that since no agreement was reached with Envirotest regarding the remaining requested information, DOT intended to make the con-

tract and the entire proposal available to Hayden. By copy of the November 30, 1994 letter, DOT advised Envirotest that the letter constituted a five-day notice under the contract.

Thereafter, on January 18, 1995, Hayden sent a letter to DOT notifying the department that he would be in Harrisburg the week of January 30, 1995 and requested the opportunity to review the remaining documents at that time. Hayden's January 18, 1995 letter to DOT is attached as Exhibit D to Hayden's preliminary objections.

granted to him by the Act may appeal from such denial. 65 P.S. § 66.4.

■ Under the plain language of the Act, judicial relief is afforded only to a citizen who is denied a right of access to a public record. *City of Philadelphia v. Doe,* 45 Pa.Commonwealth Ct. 225, 405 A.2d 1317 (1979). In the present case, Envirotest was not denied a right of access to a public record under the Act thereby enabling Envirotest to file an appeal pursuant to section 4 of the Act. Therefore, Envirotest properly filed a petition for review in the nature of a complaint for declaratory judgment in this court's original jurisdiction to determine whether the requested documents should be disclosed by DOT in response to Hayden's request under the Act.[4] Accordingly, Hayden's preliminary objection challenging this court's jurisdiction is overruled.

■ Next, we will address both DOT's and Hayden's preliminary objection alleging that Envirotest has failed to state a cause of action upon which relief may be granted. First, DOT and Hayden contend that the contract is a public record subject to disclosure for purposes of the Act. We agree.

■ As stated previously in this opinion, every public record of any agency shall be open for examination and inspection by any citizen of the Commonwealth. Section 2 of the Act, 65 P.S. § 66.2. A citizen's interest in seeking the disclosure is irrelevant; a citizen may not be denied access to public records because of lack of interest or for a lack of a "legitimate" purpose. *Wiley v. Woods,* 393 Pa. 341, 141 A.2d 844 (1958); *Gutman v. Pennsylvania State Police,* 148 Pa.Commonwealth Ct. 567, 612 A.2d 553 (1992), *petition for allowance of appeal denied,* 533 Pa. 638, 621 A.2d 583 (1993).

Public record is defined in section 1 of the Act as:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons:
. . . .

65 P.S. § 66.1.

DOT and Hayden argue that the contract is a public document within the threshold definition of the Act because the contract, which details the performance of the I/M program, is a contract addressing an agency's use of services. DOT and Hayden also point out that paragraphs 15 and 30 of the contract detail circumstances and conditions pursuant to which DOT will take ownership and/or control of Envirotest's property utilized for the performance of those services. In addition, DOT and Hayden argue that the provisions of the contract address the imposition of liquidated damages and the levy of fines and penalties to be paid by Envirotest upon the non-occurrence of certain events. If these contractual provisions were invoked, DOT and Hayden contend, DOT would be in receipt of funds.

■ In response, Envirotest argues that the contract does not involve the receipt or disbursement of funds by a Commonwealth agency.[5] In addition, Envirotest contends

---

4. We wish to point out to Envirotest that its assertion that DOT's November 30, 1994 letter to Hayden is not a governmental determination and could not trigger the thirty-day appeal period found in Pa.R.A.P. 1512 is incorrect. In *Roy v. Pennsylvania State University,* 130 Pa.Commonwealth Ct. 468, 568 A.2d 751 (1990), this court held that the university's letter denying a request pursuant to the Act for inspection and copying of records constituted a final order within the meaning of Pa.R.A.P. 341(a) thereby permitting an appeal. We note that the 1992 amendments to Pa.R.A.P. 341 do not affect this holding.

5. Envirotest also argues in its brief that DOT is estopped from asserting otherwise due to certain admissions DOT made in a separate proceeding brought in this court's original jurisdiction in 1993 challenging whether DOT could proceed with an award of the subject contract to Envirotest. *See Molinari v. Department of Transportation and Envirotest/Synterra Joint Venture,* No. 453 M.D. 1993. We disagree.

Before this court for disposition are preliminary objections to Envirotest's petition for review seeking declaratory judgment. While the two proceedings involve the same project, the I/M program, the two actions are entirely separate and when ruling on a preliminary objection in the nature of demurrer, this court is restricted to matters arising out of the complaint itself and

the Commonwealth is not acquiring, using or disposing of services because Envirotest, not DOT, will perform emissions inspection services for automobile owners who will pay for the service directly upon inspection.

A review of the contract attached to Envirotest's petition for review reveals that the contract is a public record as defined in the Act. First, it is clear that the contract is one dealing with the use or disposal of services, supplies, material, and equipment. DOT has contracted with Envirotest to provide all qualified personnel, facilities, materials, and other services and, in consultation with the Commonwealth, perform a centralized emission inspection program in accordance with the RFP, state emission inspection/maintenance law and regulations and Envirotest's proposal. *See* Petition for Review, Exhibit A, pp. 1–4.

It is also clear that the contract deals with the receipt of funds. The provisions of the contract provide for the payment by Envirotest to DOT of liquidated damages in the event Envirotest fails to meet certain deadlines. *Id.* at pp. 22–24. Further, the Commonwealth has the discretion to levy fines and penalties against Envirotest. *Id.* The fact that these amounts are contingent upon a breach by Envirotest and may never materialize is irrelevant.

In *Morning Call, Inc. v. Lower Saucon Township,* 156 Pa.Commonwealth Ct. 397, 401–02, 627 A.2d 297, 299 (1993), this court held that a contract was a public record under the Act, because the Act defined a public record, in part, as a contract "dealing with" the disbursement of public funds. By using this language, this court opined, "the General Assembly indicated that as long as the contract dealt with the possible appropriation of public funds the contract was a public record subject to inspection." *Id.* Likewise in the present case, the subject contract deals with the possible receipt of funds; therefore it is a public record subject to disclosure.

Second, DOT and Hayden contend that the contract is not subject to any of the exemptions from disclosure set forth in section 1 of the Act. Section 1 of the Act provides:

> That the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

Envirotest alleges that the contract is exempt from disclosure under the Act because such disclosure would (1) result in the loss of Federal funds; (2) would cause Envirotest to suffer damage to its reputation; and (3) would be a violation of Pennsylvania law. We disagree.

■ Envirotest's whole argument that disclosure will result in a loss of Federal funds is premised on its assertion that DOT has previously admitted in the *Molinari* action that a delay would result in such a loss and that Hayden's motive in requesting the documents is to delay the implementation of the I/M program. We have already declined to consider the *Molinari* action in disposing of the preliminary objections raised herein. In addition, the fact that Hayden's request for the contract and related documents is premised on a desire to block the I/M program in the Commonwealth is of no consequence. A citizen may not be denied access to public records because of a lack of a legitimate purpose. *Wiley; Gutman.*

---

may not consider matters not disclosed in the record. *See Scott v. Willis,* 116 Pa.Common-

wealth Ct. 327, 543 A.2d 165 (1988).

Moreover, the possibility that an agency would lose Federal funds is insufficient to trigger an exemption from inspection under the Act. In *Ryan v. Pennsylvania Higher Education Assistance Agency*, 68 Pa.Commonwealth Ct. 123, 448 A.2d 669 (1982), this court determined that contracts to which the Pennsylvania Higher Education Assistance Authority was a party were not exempt from disclosure, because such disclosure would result in a loss of Federal funds where no Federal law or regulation mandated that Federal funds be cut off if public access to the contracts was allowed.

In the case *sub judice*, implementation of the I/M program in the Commonwealth is a result of the Clean Air Act and the 1990 amendments thereto, 42 U.S.C. §§ 7401–7671q. The Clean Air Act now requires that certain states implement an I/M program. The statute does not provide that federal funds be withheld if information set forth in a contract implementing an I/M program is disclosed.

Accordingly, the contract and the documents included therein by reference are not exempt under the Act from disclosure on the basis that such disclosure will result in the loss of Federal funds.

Third, DOT and Hayden assert that disclosure of the contract will not result in damage to Envirotest's reputation. Envirotest alleges in its petition that access to or publication of the confidential information would prejudice or impair its reputation by eliminating the competitive advantage provided by the confidential information which Envirotest has spent significant sums to develop. To support this allegation, Envirotest argues that competitors will acquire knowledge of Envirotest's trade secrets if the confidential information is disclosed. We have previously rejected a similar argument.

In *Hoffman v. Pennsylvania Game Commission*, 71 Pa.Commonwealth Ct. 99, 455 A.2d 731 (1983), a Pennsylvania citizen requested that the Pennsylvania Game Commission permit the inspection and copying of its subscription mailing list for the Pennsylvania Game News. The citizen's request was denied on the basis that the distribution of the magazine was a proprietary function, not governmental, and that, accordingly, the list was a trade secret. This court rejected the commission's basis for the denial and recognized that the heart of the commission's resistance was that the citizen had sought to obtain the subscribers' list for commercial purposes, perhaps for the distribution of products or even literature in competition with the commission's magazine. The court pointed out that the right of any citizen to examine a public record is not dependant upon any other personal or property right, privilege or immunity he may otherwise enjoy but on whether the document was a public record within the meaning of the Act. *Hoffman*, 71 Pa.Commonwealth Ct. at 103, 455 A.2d at 733 (citing *Marvel v. Dalrymple*, 38 Pa.Commonwealth Ct. 67, 72, 393 A.2d 494, 497 (1978).

While the court in *Hoffman* stated that the trade secret contention ceased to be of any moment when the function is recognized as governmental, rather than that of a private business, it appears that in the present case, the heart of Envirotest's allegation that its reputation will be damaged upon disclosure of the confidential information is that its competitors will have an unfair advantage. Based on *Hoffman*, we reject this argument and hold that the threat of commercial use, competition or unfair advantage is insufficient to invoke an exemption under the Act from disclosure based on damage to one's reputation.

■ Further, we point out that the purpose of the Act is to scrutinize acts of public officials and make officials accountable in their use of public funds. *PG Publishing Company v. County of Washington*, 162 Pa.Commonwealth Ct. 196, 638 A.2d 422 (1994). It is not to protect the business secrets of private companies who voluntarily enter into a contract containing such "secrets" with a public agency subject to the provisions of the Act.

Accordingly, the contract and the documents included therein by reference are not exempt, under the Act, from disclosure on the basis that such disclosure will damage Envirotest's reputation.

■ Finally, DOT and Hayden contend that disclosure of the contract which includes the RFP and Envirotest's proposal by reference is not prohibited, restricted or forbidden by law. Envirotest alleges in its petition that access to or publication of the confidential information is prohibited by Pennsylvania Law. In support of this allegation, Envirotest argues that circulation of the proposal will violate the law of trade secrets, the law of tortious interference with existing and prospective contractual relationships, and the law requiring fairness in competitive procurement. Further, Envirotest argues that the RFP provides for confidentiality of proposals.

Section 1 of the Act provides that a public record shall not include any document "access to or the publication of which is prohibited, restricted, or forbidden by statute law or order or decree of court." We note initially that Envirotest's allegation that the disclosure violates Pennsylvania Law is all based on Pennsylvania case law, not statutory law. Pennsylvania courts have denied access to public records based on a prohibition found in statutory law. *See McMullan v. Wohlgemuth*, 453 Pa. 147, 308 A.2d 888 (1973), *appeal dismissed*, 415 U.S. 970, 94 S.Ct. 1547, 39 L.Ed.2d 863 (1974) (Our Supreme Court upheld the denial by the Secretary of the Department of Public Welfare of a request seeking the names of all public assistance recipients in the City of Philadelphia, since the Public Welfare Code prohibited release of welfare recipients' names). However, our research has not revealed any decisions wherein a Pennsylvania court has denied access to public records because such disclosure was prohibited by general principles of law set forth in case law.

Given the language of section 1 of the Act and the purpose of the Act, we decline to interpret the specific language as permitting an exemption from disclosure based on general principles of law set forth in Pennsylvania case law. The specific language of section 1 refers to "statute law or order or decree of court." We interpret this language to mean that disclosure is prohibited if statutory law forbids such disclosure, as in *Wohlgemuth*, or if an order or decree of court

forbids such disclosure of the public records which are being requested. To determine otherwise would defeat the statutory right of a citizen to inspect and examine public records and erode the purpose of the Act to scrutinize the acts of public officials and make the officials accountable in their use of the public funds.

While we realize that Envirotest has spent monies to develop the technology involved in conducting an I/M program, Envirotest was well aware that it was entering into a contract with a public agency subject to the provisions of the Act and that pursuant to paragraph I–10 of the RFP, that the selected proposal would become part of the contract and, therefore, was not confidential once the contract was approved by all parties. *See* Preliminary Objections of DOT, Exhibit B— RFP, Paragraph I–10, Disclosure of Proposal Contents. This realization by Envirotest is evident in paragraph 29d of the contract wherein DOT and Envirotest negotiated the disposition of any confidentiality request of Envirotest. While DOT and Envirotest were free to negotiate the terms of the contract to each party's liking, DOT and Envirotest were not free to negotiate away a citizen's statutory right, conferred by the Act, to inspect and examine public records.

Therefore, the contract and the documents included therein by reference are not exempt, under the Act, from disclosure on the basis that such disclosure is prohibited, restricted, or forbidden by statute law or order or decree of court.

Accordingly, Hayden's preliminary objection challenging the jurisdiction of this court and the timeliness of Envirotest's petition for review is overruled. DOT's preliminary objection in the nature of a demurrer and Hayden's remaining preliminary objection are sustained. Envirotest's petition for review fails to state a cause of action upon which the requested relief may be granted. Envirotest's petition for review in the nature of a complaint for declaratory judgment is dismissed with prejudice.

*ORDER*

NOW, this 17th day of August, 1995, in accordance with the foregoing opinion, it is hereby ORDERED that:

1. The preliminary objections of respondent Richard W. Hayden to petition for review are sustained in part and overruled in part;

2. The preliminary objections of respondent Commonwealth of Pennsylvania, Department of Transportation are sustained; and

3. The petition for review in the nature of a complaint for declaratory judgment filed by Envirotest Partners is dismissed with prejudice.