**PENNSYLVANIA STATE LODGE, Fraternal Order of Police, a Pennsylvania nonprofit corporation, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, and Department of Labor and Industry, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1996.

Decided April 8, 1997.

James L. McAneny, Harrisburg, for petitioner.

J. Matthew Wolfe, Harrisburg, for respondent.

Before COLINS, President Judge, and DOYLE, PELLEGRINI, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

KELLEY, Judge.

Presently before this court for disposition are the preliminary objections of the Pennsylvania Department of Labor and Industry (department) to a petition for review in the nature of an action for declaratory judgment filed in our original jurisdiction by the Pennsylvania State Lodge, Fraternal Order of Police (FOP).[1]

On June 19, 1996, the Pennsylvania General Assembly passed Senate Bill No. 801 which substantially amended the Pennsylvania Workers' Compensation Act (Act).[2] On June 24, 1996, Governor Ridge signed Senate Bill No. 801 into law as Act 57 of 1996.

On August 9, 1996, the FOP filed the instant petition for review challenging the constitutionality of the amendments to the Act as contained in sections 3 and 22 of Act 57 of 1996.[3, 4] Thus, in the petition the FOP requested this court to declare the amendments contained in sections 3 and 22 of Act 57 of 1996 to be unconstitutional.

Section 204(a) of the Act formerly provided:

---

1. The petition for review asserts that this court has original jurisdiction over this matter pursuant to the Judicial Code, 42 Pa.C.S. § 761(a), and the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531—7541.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4.

3. In the petition for review, the FOP alleged that it is a nonprofit corporation organized and established for the purpose of advancing and representing the interests of police officers employed throughout Pennsylvania. The FOP also alleges that, pursuant to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§ 51—732, the department is charged with the power and duty to administer and enforce the laws relating to workers' compensation and occupational disease compensation.

4. In the interest of clarity, we consolidate and reorder the claims raised by the FOP in its petition for review.

(a) No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307.

77 P.S. § 71(a).

In pertinent part, section 3 of Act 57 of 1996 amended section 204(a) of the Act by adding the following provision:

Fifty per centum of the benefits commonly characterized as "old age" benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall also be credited against the amount of the payments made under sections 108 and 306, except for benefits payable under section 306(c): Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury. The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under section 306(c). The employe shall provide the insurer with proper authorization to secure the amount which the employe is receiving under the Social Security Act.

Act 57 of 1996, § 3.

In its petition, the FOP alleges that the new offset provisions impact upon the statutory and contractual pension provisions which are now in effect for its officers. The FOP contends that these provisions would have an "adverse actuarial impact" on the pension plans of its officers. As a result, the FOP submits that foregoing amendment in section 3 of Act 57 of 1996 violates art. I, § 17 of the Pennsylvania Constitution.

In addition, section 22 of Act 57 of 1996 added the following section to the Act which provides, in pertinent part:

Section 450. (a) Any employer and the recognized or certified and exclusive representative of its employe may agree by collective bargaining to establish certain binding obligations and procedures relating to workers' compensation: Provided, however, That the scope of the agreement shall be limited to:

(1) benefits supplemental to those provided in sections 306 and 307;

(2) an alternative dispute resolution system which may include, but is not limited to, arbitration, mediation and conciliation;

(3) the use of a limited list of providers for medical treatment for any period of time agreed upon by the parties;

(4) the use of a limited list of impartial physicians;

(5) the creation of a light duty, modified job or return to work program;

(6) the adoption of twenty-four-hour medical coverage; and

(7) the establishment of safety committees; and

(8) a vocational rehabilitation or retraining program.

(b) Nothing contained in this section shall in any manner affect the rights of an employer or its employees in the event that the parties to a collective bargaining agreement refuse or fail to reach agreement concerning the matters referred to in clause (a). In the event a municipality and its police or fire employes fail to agree by collective bargaining concerning matters referred to in clause (a), nothing in this section shall be binding upon the munici-

pality or its police or fire employees as a result of an arbitration ruling or award. Act 57 of 1996, § 22.

In its petition, the FOP submits that these provisions limit existing collective bargaining rights which are guaranteed by what is commonly called the Collective Bargaining by Policemen or Firemen Act (Act 111).[5] The FOP alleges that this amendment identifies certain issues which were previously mandatory subjects of bargaining under Act 111 and, under section 22(b) of Act 57, precludes their resolution through mandatory arbitration. However, section 22(b) does not preclude other public or private employees, including those employees who are covered under the Public Employe Relations Act (Act 195),[6] from submitting these bargaining issues to binding arbitration. The FOP claims that this provision is unconstitutional as there is no rational basis for limiting the collective bargaining rights of Act 111 employees and not those of other public and private employees.

In its petition, the FOP also asserts that the provisions relating to police employees in section 22(b) were added to Act 57 of 1996 on the day it was passed in retaliation for its opposition to the passage of Senate Bill No. 801. As a result, the FOP claims that this provision violates its free speech rights as guaranteed by art. I, § 1 of the Pennsylvania Constitution.

The FOP next claims that the restriction on collective bargaining contained in section 22(b) constitutes a special law regulating labor. As a result, the FOP submits that Act 57 of 1996 violates art. III, § 32 of the Pennsylvania Constitution.

Finally, the FOP contends that Act 57 of 1996 contains provisions relating to collective bargaining and pension benefits, not merely to workers' compensation. Because this legislation contains more than one subject, the FOP alleges that it was passed in violation of art. III, § 3 of the Pennsylvania Constitution. Based on the foregoing, the FOP

asked this court to declare the provisions of Act 57 of 1996 to be unconstitutional.

In response to the FOP's petition for review, on September 11, 1996, the department filed the instant preliminary objections.[7] The department first submits that under the Declaratory Judgments Act, the FOP must plead facts which establish a direct, immediate and substantial injury and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of its legal rights. The department contends that the FOP's claims relating to the constitutionality of Act 57 of 1996 as it relates to the mandatory offset of benefits and collective bargaining fail to allege facts constituting actual harm or an actual controversy. As a result, the department alleges that declaratory judgment may not be employed to determine the parties' respective rights in anticipation of events which may never occur.

The department next submits that the FOP's claim relating to a violation of its free speech rights presents a nonjusticiable claim. The department alleges, *inter alia*, that this court is precluded from reviewing the legislature's motivation for amending the provisions of Act 57 of 1996 prior to its passage as it would require our review of legitimate legislative activities which is barred by the Speech or Debate Clause of art. II, § 15 of the Pennsylvania Constitution.

The department next submits that the FOP has failed to allege any facts which demonstrate that Act 57 of 1996 is a special law regulating labor. Thus, the department claims that the FOP has failed to demonstrate that it violates of art. III, § 32 of the Pennsylvania Constitution.

The department next contends both section 3 and 22 of Act 57 of 1996 directly pertain to the general subject of workers' compensation. Thus, the department alleges that its passage does not violate art. III, § 3 of the Pennsylvania Constitution which prohibits the passage of bills containing more than one subject.

---

**5.** Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.10.

**6.** Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101—1101.2301.

**7.** In the interest of clarity, we consolidate and reorder the preliminary objections raised by the department.

Based on the foregoing, the department requests that the FOP's petition for review requesting declaratory relief be dismissed. On October 3, 1996, the FOP filed an answer to the department's preliminary objections.

■ Initially, we note that in ruling on preliminary objections, this court must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995). This court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.* With these standards in mind, we consider the department's preliminary objections.

In its petition, the FOP first claims that the offset provisions of Act 57 of 1996 violate art. I, § 17 of the Pennsylvania Constitution.[8] In its first preliminary objection, the department claims that the FOP's claims relating to the offset of benefits fails to allege facts constituting actual harm or an actual controversy. As a result, the department submits that the FOP may not now obtain declaratory relief on this claim.

■ As we have previously noted, petitions for declaratory judgments are governed by the provisions of the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531—7541. *Ronald H. Clark, Inc. v. Township of Hamilton,* 128 Pa.Cmwlth. 31, 562 A.2d 965 (1989). Although the Declaratory Judgments Act is to be liberally construed, one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. *Ruszin v. Department of Labor and Industry,* 675 A.2d 366 (Pa. Cmwlth.1996); *American Council of Life Insurance v. Foster,* 134 Pa.Cmwlth. 634, 580 A.2d 448 (1990). Thus, the Declaratory Judgments Act requires a petition praying for declaratory relief to state an actual controversy between the petitioner and the named defendant. *Pennsylvania Chiropractic Federation v. Foster,* 136 Pa.Cmwlth. 465, 583 A.2d 844 (1990).

■ Declaratory judgments are not obtainable as a matter of right. *Ronald H. Clark, Inc.* Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. *Id.* Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. *Gulnac v. South Butler School District,* 526 Pa. 483, 587 A.2d 699 (1991); *Ruszin.*

As the Pennsylvania Supreme Court has noted:

> The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment ... Only where there is a real controversy may a party obtain a declaratory judgment ... A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Gulnac,* 526 Pa. at 487, 587 A.2d at 701 (citations omitted). *See also Pennsylvania State Lodge of the Fraternal Order of Police v. Commonwealth,* 131 Pa.Cmwlth. 611, 571 A.2d 531, 533 (1990), *aff'd,* 527 Pa. 363, 591 A.2d 1054 (1991) (Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur; it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation).

■ In support of its claim that the offset provisions of Act 57 of 1996 violate the Penn-

---

8. Art. I, § 17 provides, in pertinent part:
   No ... law impairing the obligation of con- tracts ... shall be passed.

sylvania Constitution, the FOP contends that they will have an "adverse actuarial impact" on the pension plans of its officers. However, the FOP does not allege any facts which demonstrate that it has suffered any actual and immediate harm from the enactment of Act 57 of 1996, or an actionable claim against the named defendant. Because the FOP has failed to allege sufficient facts in this regard, it has presented no case or controversy between the parties for which we are empowered to declare rights. *Gulnac; Ruszin; Pennsylvania Chiropractic Federation; Pennsylvania State Lodge of the Fraternal Order of Police. See also Geary v. Allegheny County Retirement Board,* 426 Pa. 254, 231 A.2d 743 (1967) (A legislative alteration of retirement laws whose only adverse impact on the participants in a retirement fund is to increase a theoretical possibility that the payments to them will not be met in the future is not a sufficiently concrete detriment to support a claimed violation of art. I, § 17 of the Pennsylvania Constitution).

In its petition the FOP next claims that the provisions of Act 57 of 1996 relating to collective bargaining are unlawful as well. The FOP alleges that because Act 111 employees cannot resort to strike, the limitation relating to the submission of the enumerated mandatory collective bargaining issues to binding arbitration leaves the Act 111 employees without a means of resolving disputes regarding these issues. Thus, the FOP submits, any impasse in negotiations between Act 111 employees and their employers regarding these issues will remain an impasse forever. However, the FOP has again failed to allege any facts demonstrating that the provisions of Act 57 of 1996 have been applied to, and have had an adverse impact upon, negotiations between an Act 111 employee and his employer regarding the enumerated collective bargaining issues. Again, because the FOP has failed to allege sufficient facts in this regard, it has presented no case or controversy between the parties for which we are empowered to declare rights. *Gulnac; Ruszin; Pennsylvania Chiropractic Federation; Pennsylvania State Lodge of the Fraternal Order of Police.*

■ The FOP next claims in its petition that a portion of Act 57 of 1996 was enacted in violation of its free speech rights as guaranteed by art. I, § 1 of the Pennsylvania Constitution.[9] In support of this claim, the FOP alleges that the provisions of Act 57 of 1996 relating to the collective bargaining of Act 111 employees were added because of the FOP's opposition to its passage. However, as the FOP concedes, the Speech or Debate Clause of art. II, § 15 of the Pennsylvania Constitution [10] "prohibits [judicial] inquiry into those things generally said or done in the House or Senate in the performance of official duties and into the motivation for those acts." *Sweeney v. Tucker,* 473 Pa. 493, 505, 375 A.2d 698, 704 (1977), quoting *United States v. Brewster,* 408 U.S. 501, 512, 92 S.Ct. 2531, 2537, 33 L.Ed.2d 507 (1972). As a result, we are precluded from acceding to the FOP's request, offered in support of its claim, that we examine the reasons which precipitated the amendment of Act 57 of 1996 prior to its passage.

In its petition the FOP next claims that the provisions relating to collective bargaining contained in Act 57 of 1996 violate art. III, § 32 of the Pennsylvania Constitution.[11] The FOP submits that because these provisions, by their terms, treat Act 111 employees differently than other employees covered

---

**9.** Art. I, § 1 provides, in pertinent part:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty....

**10.** Art. II, § 15 provides:

The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

**11.** Art. III § 32 provides, in pertinent part:

The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law:

7. Regulating labor, trade mining or manufacturing.

under the Act, it must be deemed to be a "special law" regulating labor which is prohibited by art. III, § 32.

■ The Pennsylvania Supreme Court has held that the constitutional prohibition contained in art. III, § 32 requires that any classification within a statute have a rational relationship to a proper state purpose. *Wilkinsburg Police Officers Association v. Commonwealth*, 535 Pa. 425, 636 A.2d 134 (1993). *See also Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 14, 331 A.2d 198, 204 (1975) (The prohibition of special laws in art. III, § 32(7) does not forbid the General Assembly from creating statutory classifications; rather, it only requires that a classification must have some rational relationship to a proper state purpose). Thus, when a statute is challenged as prohibited special legislation, the reasonableness of the classification made is for the General Assembly in the first instance; the duty of the reviewing court is limited to considering whether the General Assembly had any reasonable ground for making it. *Loomis v. Philadelphia School District Board of Education*, 376 Pa. 428, 103 A.2d 769 (1954).

■ In arguing that Act 57 of 1996 improperly distinguishes between Act 111 employees and other public and private employees, the FOP fails to acknowledge the historical and statutory distinctions which have traditionally been drawn between policemen and firemen and other employees in the Commonwealth. Historically, based on the unique nature and importance of their employment, legislation which distinguishes

between policemen and other employees has been found to be not violative of art. III, § 32. *See, e.g., Geary; Baxter v. City of Philadelphia*, 426 Pa. 240, 231 A.2d 151 (1967); *Iben v. Monaca Borough*, 158 Pa. Superior Ct. 46, 43 A.2d 425 (1945). In fact, art. III, § 31 of the Pennsylvania Constitution [12] specifically acknowledges a fundamental distinction between the collective bargaining rights of policemen and firemen and all other employees, and the settlement of disputes between policemen and firemen and their public employers. In light of the foregoing, it is clear that the statutory distinction drawn between Act 111 employees and all other employees in Act 57 of 1996 does not violate art. III 3, § 32.

Finally, the FOP claims in its petition that Act 57 of 1996 contains provisions relating to collective bargaining and pension benefits, not merely to workers' compensation. Because this legislation contains more than one subject, the FOP alleges that it was passed in violation of art. III, § 3 of the Pennsylvania Constitution.[13]

As we have previously noted:

The purpose of Article III, Section 3 is to provide full notice and publicity to all proposed legislative enactments and to prevent the passage of "sneak" legislation. *Singer v. Sheppard*, 33 Pa.Commonwealth Ct. 276, 381 A.2d 1007 (1978). In Singer, this court dismissed a challenge to the now repealed Pennsylvania No-fault Motor Vehicle Insurance Act, which broadly restructured many aspects of motor vehicle insurance in the Commonwealth and necessarily contained many subjects. However, be-

12. Art. III, § 31 provides:

The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever. Notwithstanding the foregoing limitation or any other provision of the Constitution, the General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall

constitute a mandate to the head of the political subdivision which is the employer, or to the appropriate officer of the Commonwealth if the Commonwealth is the employer, with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision or of the Commonwealth, with respect to matters which require legislative action, to take the action necessary to carry out such findings.

13. Art. III, § 3 provides:

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

**616** ■

cause the many subjects were all germane to the general subject of the act, there was no violation of Article III, Section 3. *Id.,* at 290, 381 A.2d at 1013.

*Pennsylvania Chiropractic Federation,* 583 A.2d at 847–48 (footnote omitted).

■ The title of Act 57 of 1996 reads as follows:

AN ACT Amending the act of June 2, 1915 (P.L. 736, No. 338), as reenacted and amended, "An act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties," further providing for definitions, for recovery, for liability for compensation, for financial responsibility, for compensation schedules and for wages; providing for reporting; further providing for notices, for examinations, for commutation of compensation, for exclusions, for the Workmen's Compensation Appeal Board and for procedure; providing for informal conferences; further providing for processing claims, for commutation petitions, for modifications and reversals, for pleadings, for investigations, for evidence, for appeals, for regulations, for costs and attorney fees, for the Pennsylvania Workers' Compensation Advisory Council and for insurance policies; providing for settlements and for collective bargaining; further providing for ratings organizations, for rating procedures and for shared liability; providing for employer association groups; further providing for safety committees, for penalties, for prosecutions and for collection of penalties; providing for limitation of actions; further providing for assessments; providing for workers' compensation judges and for transfer of administrative functions; transferring provisions relating to the State Workmen's Insurance Fund and broadening its permissible coverages; and making repeal.

Thus, it is clear that Act 57 of 1996 broadly restructured many aspects of the Act and, as a result, necessarily contained many subjects. However, because the many subjects con-

tained in Act 57 of 1996 were all germane to the general subject of the act, there is no violation of art. III, § 3 of the Pennsylvania Constitution. *Pennsylvania Chiropractic Federation; Singer.*

Accordingly, the department's preliminary objections to the FOP's petition for review in the nature of an action for declaratory judgment are sustained, and the FOP's petition for review is dismissed with prejudice.

### ORDER

NOW, this 8th day of April, 1997, in accordance with the foregoing opinion, it is hereby ordered that the preliminary objections of the Commonwealth of Pennsylvania, and Department of Labor and Industry to the petition for review in the nature of an action for declaratory judgment filed by the Pennsylvania State Lodge, Fraternal Order of Police, are sustained, and the petition for review in the nature of an action for declaratory judgment is dismissed with prejudice.