Natalie DAVIS, Clyde Taylor, Benjamin Robinson, Richard Davison, Mary Hoosack, Charles Colder, Farlea Howie, Elroy Savage, Helen Myers, Monica Androski and Kenneth Miller

v.

CHESTER UPLAND SCHOOL DISTRICT, Jeffrey Leggette, Kirkwood Cottman, Andrea Golson, Fred Moon, Donald Masse, Charles Davis and Joscelyn Keeve Bagley, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.

Decided June 26, 2000.

Leo A. Hackett, Media, for appellants.

Deborah Krull, Media, for appellees.

Before COLINS, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Chester Upland School District, Jeffrey Leggette, Kirkwood Cottman, Andrea Golson, Fred Moon, Donald Masse, Charles Davis, and Joscelyn Keeve Bagley (collectively, appellants) appeal the declaratory judgment order of the Court of Common Pleas of Delaware County (trial court) holding that the School District violated Section 1125.1(d)(2) of the Public School Code of 1949 (School Code) [1] when it failed to recall furloughed professional employees to fill newly created positions. The trial court denied their post-trial motion.

Natalie Davis, Clyde Taylor, Benjamin Robinson, Richard Davison, Mary Hoosack, Charles Colder, Farlea Howie, Elroy Savage, Helen Myers, Monica Androski, and Kenneth Miller (collectively, furloughed employees), the plaintiffs below, are tenured professional employees of the School District who were suspended from their employment under Section 1124 of the School Code, 24 P.S. § 11–1124, because of a decrease in pupil enrollment. In late 1992, when the Chester High School was experiencing severe discipline problems and was temporarily shut down, the School District created new positions to help deal with the problems: four positions as House Coordinator, one position as In–School Suspension Teacher, one position as Vocational Special Needs Coordinator, and one position as Student Assistance Coordinator. The School District hired the appellants, defendants below, as professional employees or temporary professional employees to fill the new positions.

The furloughed employees filed a declaratory judgment action alleging that they were qualified for one or more of the new positions, had more seniority on the furlough/recall list, and therefore, should have been notified of the open positions and hired ahead of the appellants because under Section 1125(d)(2) of the School Code, suspended professional employees must be reinstated on the basis of their seniority and no new appointments may be made when a suspended professional employee is

1. Act of March 10, 1949, P.L. 30, *as amended,* added by Section 3 of the Act of November 20, 1979, P.L. 465, 24 P.S. § 11–1125.1(d)(2).

available and properly certificated to fill the vacancy. The complaint requested a declaration that the School District violated Section 1125.1 of the School Code when it hired each of the appellants and that the furloughed employees were qualified to fill the positions; it requested an order directing the School District to hire the most senior of the furloughed employees to fill each new position retroactive to the 1992 date when each of the appellants was hired.

After a hearing, the trial court found that for each of the new positions, the School District failed to hire the most senior employee. Based on the job postings and the testimony of Anne Shuster, a basic education coordinator for the Pennsylvania Department of Education, Bureau of Teacher Preparation and Certification, who testified for the furloughed employees, the trial judge found that the new positions required only basic level I or II teaching certification,[2] which all of the furloughed employees possessed. For each of the new positions, the judge found that at the time it was filled, one or more of the furloughed employees had more seniority and were eligible to hold the position. The trial court found that all of the furloughed employees retained the right to be recalled by notifying the School District of their desire and intent to remain eligible for recall. The trial court concluded that the School District violated Section 1125.1(d)(2) of the School Code and directed it to hire the furloughed employee with the most seniority retroactive to each position's 1992 hire date.

On appeal to this Court,[3] the School District and the other appellants argue 1) that the trial court lacked jurisdiction over the cause of action because the furloughed employees failed to pursue remedies under the collective bargaining agreement or the local agency law; 2) that the trial court erred in concluding that the furloughed employees were entitled to recall for the open positions because they did not meet the certification requirements of the Department of Education and were not entitled to be recalled to nonprofessional positions or to promotional, administrative positions; 3) that the School District had valid educational reasons for not recalling the furloughed employees; and 4) that the trial court erred in granting the furloughed employees retroactive relief.

Whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. *Penna. State Lodge v. Commonwealth,* 692 A.2d 609 (Pa.Cmwlth. 1997), *affirmed,* 550 Pa. 549, 707 A.2d 1129 (1998). The existence of an alternative remedy is not grounds for refusal to proceed under the Declaratory Judgments Act unless the action seeks a divorce or annulment of marriage, is in the exclusive jurisdiction of another tribunal, or involves an appeal from another tribunal. 42 Pa. C.S. § 7541; *P.J.S. v. Penna. State Ethics Commission,* 669 A.2d 1105 (Pa.Cmwlth. 1996). Clearly, the furloughed employees' claims were not within the exclusive jurisdiction of another tribunal, nor do they involve an appeal of another tribunal's order.[4]

---

2. Level I certification is an initial certification; Level II certification is permanent certification. (Shuster deposition, p. 28.)

3. Our review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether errors of law were committed, or whether the trial court abused its discretion. *Faldowski v. Eighty Four Mining Company,* 725 A.2d 843 (Pa.Cmwlth. 1998).

4. None of the cases cited by the appellants in support of their jurisdictional challenge stands for the proposition that the furloughed employees' claims must go to arbitration before they may file a declaratory judgment action. In all of these cases, the union had filed a grievance when the employee or the school board filed suit, and none of the cases involved the filing of a declaratory judgment action. In the present case, the union representing the furloughed employees did not file a grievance or grievances on their behalf.

Next, the appellants argue that the furloughed employees were not entitled to recall to the open positions because they did not meet the certification requirements that the Department of Education set for those positions and because they were not entitled to be recalled to nonprofessional positions or to promotional, administrative positions. Citing the testimony of Anne Shuster, they argue that the positions required specialized certifications that the furloughed employees did not possess and in some cases required administrative certification. They contend that under the School Code, furloughed employees are not entitled to be recalled to nonprofessional positions or administrative positions, which for all of the furloughed employees would constitute a promotion. The appellants also argue that the School District had valid educational reasons for not hiring the furloughed employees in addition to their lack of the specialized certifications.

The furloughed employees argue that although the Department of Education may have determined that these positions require specialized or administrative certifications, the Department has no power to enforce its certification determinations, and these requirements were not spelled out in the job descriptions, which School District did not submit to the Education Department for review. They further argue that the appellants who were hired similarly did not possess the specialized certifications.

Section 1125.1(d)(2) of the School Code provides in pertinent part, "Suspended professional employes ... shall be reinstated on the basis of their seniority within the school entity. No new appointments shall be made while there is such a suspended ... professional employe available who is properly certificated to fill such vacancy." 24 P.S. § 11–1125.1(d)(2). Although Section 1125.1(d)(2) limits a school district's discretion to assign teachers when a suspended teacher is certificated to fill a vacancy, this provision "does not offer complete protection based upon seniority.

Seniority is a prominent, but not singular, interest of the Public School Code....[S]eniority may give way to other educational interests." *Bennett v. Central Montgomery Vo–Tech,* 550 Pa. 212, 218, 704 A.2d 623, 626 (1997). "Nothing about [Section 1125.1] indicates that it was intended to alter the longstanding statutory grant of discretion to school boards to appoint professional staff on the basis of the educational needs of the district, beyond requiring that the diminishment of professional employees' status be accomplished according to seniority." *Gibbons v. New Castle Area School District,* 518 Pa. 443, 449, 543 A.2d 1087, 1089 (1988).

Having reviewed the entire record in this case, we conclude that the furloughed employees met their burden of proving that they were qualified for, or had the proper certification for, three of the positions. The evidence of record supports the trial judge's findings 1) that three of the new positions required merely a level I or II teaching certification and 2) that the furloughed employees had the proper certifications to fill the new positions. For the positions of In–School Suspension Teacher, House Coordinator, and Vocational Special Needs Coordinator the job postings and descriptions required only a level I or II teaching certification. Although Anne Shuster testified that these professional positions should have been filled by more qualified candidates with specialized certifications, the School District awarded the positions to candidates who not only did not have the specialized certifications, but had much the same certifications as the appellants who were awarded the positions.

The job description for the fourth position, Student Assistance Coordinator, stated that the qualifications were *either* a Master of Science degree in clinical psychology or human services *or* teaching certification with a background in drug and alcohol or mental health and experience with student assistance programs. Where a new appointment does not re-

quire certification, Section 1125.1(d)(2) does not apply, and the school district is not obligated to recall a furloughed professional employee. *Bennett.* Because the Student Assistance Coordinator did not require certification, the school district was not obligated to recall a furloughed employee. The appellant who the School District hired to fill this position, Joscelyn Keeve Bagley, had experience as a coordinator of student assistance programs and over 20 years of experience working with and counseling children and families in crisis.

■ The trial court properly concluded that the School District was obligated to fill all but the Student Assistance Coordinator position with furloughed employees because the job postings stated that the positions were open to all professional employees (i.e., persons with a basic level of certification). Even if we were to accept the appellants' argument that the School District exercised its discretion in hiring the appellants, the educational reasons that might support the School District's selection of the appellants rather than the furloughed employees are not apparent from the record. Except for the position of Student Assistance Coordinator, the record does not reflect that the appellants were any more qualified for the new positions than were the furloughed employees.

Because the job descriptions for the three professional positions clearly delineate job duties that required specialized certifications, and because both *Gibbons* and *Bennett* make clear that a school district has discretion in making new appointments based on the educational needs of the district, which can outweigh seniority, the School District would have been justified in appointing less senior employees if it had made specialized certification a job requirement, and if it had actually appointed candidates who possessed the specialized certification and/or experience. We applaud and support a school district's efforts to weigh educational considerations ahead of seniority when making appoint-

ments, especially when the vacancies have been created to address educational needs of special needs students. In this case, we find it disheartening that the School District would hire individual appellants who had physical education or vocational certification for positions that it now asserts required special education or administrative certifications.

Finally, we reject outright the School District's argument that the trial court erred in awarding the furloughed employees relief retroactive to 1992 because they requested only prospective relief. On the contrary, paragraph c. of the prayer for relief in each count of the complaint requests retroactive relief.

Accordingly, we reverse the trial court's order with respect to Student Assistance Coordinator position and affirm it with respect to the three professional positions: In–School Suspension Teacher, House Coordinator, and Vocational Special Needs Coordinator.

## *O R D E R*

AND NOW, this 26th day of June 2000, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed in part and reversed in part. We reverse the trial court's order with respect to Student Assistance Coordinator position and affirm it with respect to the three professional positions: In–School Suspension Teacher, House Coordinator, and Vocational Special Needs Coordinator.