549 A.2d 1369

M. A. Jamal, Petitioner *v.* Commonwealth of Pennsylvania, Department of Corrections, Respondent.

Submitted on briefs August 16, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*M. A. Jamal,* petitioner, for himself.

*Janice L. Anderson,* Deputy Attorney General, with her, *John G. Knorr, III,* Chief Deputy Attorney General, Chief Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 9, 1988:

The Department of Corrections (Department) preliminarily objects to Mumia Abu Jamal's (Jamal) petition for review.

We discern the following from Jamal's *pro se* petition. The Department's Publications Review Committee disapproved his receipt of a weekly newspaper, The Revolutionary Worker, during his incarceration at the State Correctional Institution at Huntingdon. Jamal further avers that he exhausted his administrative remedy before the Department's Central Office Review Committee, which upheld the decision.

Jamal's petition does not challenge the substantive bases for the Department's decision. Rather, Jamal avers only that the Department failed to render its decision within the time prescribed in a Bureau of Corrections Administrative Directive, BC-ADM 814, 37 Pa. Code §93.5(c), which provides that the Department "will rule on publications within 10 days after the material is received." The petition further sets forth a general averment that the Department's actions violated the First and Fourteenth Amendments to the United States Constitution and the Pennsylvania Constitution's guarantees

of "free communication of thoughts and opinions," Pa. Const. art. I, §7, and protection from discrimination, Pa. Const. art. I, §26. Finally, the petition avers that the Department's administrative appeal bodies routinely ignore their procedural rules.

Jamal requests, *inter alia*, the following relief: (a) reversal of the Department's decision and release of the newspapers; (b) mandamus directing the Department to obey its rules and directives; (c) a declaration that the Department violated its directives, statutes and constitutional provisions; (d) an injunction prohibiting future violations; and (e) restoration of the fair market value of the prohibited materials.

The Department's preliminary objections contend that this Court erred in construing the petition as addressed to our original jurisdiction[1] because it is actually an appeal of the Department's decision. The Department alternatively contends that the petition fails to state a cognizable cause of action.[2]

---

[1] On December 30, 1987, this Court ordered that Jamal's petition be treated as addressed to our original jurisdiction. 42 Pa. C. S. §761.

[2] Initially, we must reject Jamal's contention that the Department's preliminary objections should be overruled because they were untimely filed.

Although the Department did not comply with this Court's orders directing it to file a responsive pleading until March 21 and 22, when it filed with this Court a notice and copy of a removal petition previously filed in federal court on January 20, 1988, this provides no basis in itself to overrule the Department's preliminary objections. Ordinarily, a removal becomes effective, and state court proceedings are automatically stayed, *when the removing party files a copy of said petition with the state court's clerk*. 28 U.S.C. §1446(e). This perfects the removal and provides notice to the state court that it may not excercise jurisdiction unless and until the matter is remanded from federal court. Although our copy of the removal petition indicates that this Court was provided with notice as of January 20, 1988, our docket indicates that such notice was

As to the jurisdictional question, we believe that the substance of the allegations and the nature of the relief requested should dictate whether the petition seeks to invoke appellate or original jurisdiction. *See Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980). Jamal maintains in his *pro se* brief that his petition does not seek to "appeal" any Department decision. As we understand his petition, Jamal requests an injunction and mandamus directing the Department to obey its rules and directives in the future and to release the publications because the Department failed to render its decision within the prescribed time period. Therefore, we conclude that Jamal's petition was properly identified as one addressed to our original jurisdiction.

We further conclude that Jamal has failed to state a claim in our original jurisdiction. The Department has already performed the ministerial duty of acting on Jamal's request for the publications, albeit not within ten days. Once an agency has performed the duty to make a discretionary decision, a dissatisfied party may not seek to compel a different result through mandamus. *Sever v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 217, 225, 514 A.2d 656, 660 (1986).

---

not received until March 22, 1988. The federal court acted on the removal petition and remanded to this Court following its determination that it lacked jurisdiction. The appropriate procedure for Jamal would have been to object to the removal petition based on the procedural defect, *Dukes v. South Carolina Insurance Co.,* 770 F.2d 545 (5th Cir. 1985), and then oppose the requested extensions and petition this Court for a default judgment. Instead, Jamal filed a motion on April 9, 1988 requesting only an order directing the Department to respond within an additional thirty days. We granted the request, and the Department complied with our Order.

We likewise find no basis for the requested injunctive relief to forestall potential *future* violations of directives by the Department. Injunctive relief is not available to eliminate a possible remote future injury or invasion of rights. *Raitport v. Provident National Bank,* 451 F. Supp. 522 (E.D. Pa. 1978); *Curll v. Dairymen's Cooperative Sales Association,* 389 Pa. 216, 132 A.2d 271 (1957).

We also discern no basis for Jamal's claim for a declaratory judgment that the Department violated "its Directives, State Statute, and Federal/State Constitutional Provisions." Petition for Review, Page 4. The petition reveals no indication of how declaratory relief will terminate a controversy or resolve any uncertainty. *See Mueller v. Pennsylvania State Police Headquarters,* 110 Pa. Commonwealth Ct. 265, 532 A.2d 900 (1987).

Finally, because Jamal has failed to state a claim, there is no jurisdictional basis to order restoration of the publications' monetary value.

Accordingly, we sustain the Department's preliminary objection and dismiss the petition for review.

### ORDER

The respondent's preliminary objection regarding jurisdiction is overruled and its preliminary objection in the nature of a demurrer is sustained. The petition for review is dismissed.

Judge MACPHAIL did not participate in the decision in this case.