681 A.2d 152

Councilman **Angel ORTIZ** and Councilman David Cohen and Councilwoman Jannie L. Blackwell and Al Stewart, Ward Leader of 11th Ward and Candidate for City Council for the 8th District and Gregory Beau Paulmier, Ward Leader of the 12th Ward and Philadelphia Anti–Drug/Anti–Violence Network (PANN) and Consumer Education and Protective Association (CEPA) and Fathers Day Rally Committee and Thomas P. Cronin, President, American Federation of State, County and Municipal Employees (AFSCME) District Council 47 and Dr. Paul Fink, Associate Vice President, Albert Einstein Medical Services and Wilfredo Rojas, President Philadelphia Chapter of the National Congress of Puerto Rican Rights and Fellowship Commission and Benjamin Ramos, Democratic Candidate for the 180th State Legislative District, and City of Pittsburgh, Intervenor, Appellants,

v.

**COMMONWEALTH** of Pennsylvania and Honorable Thomas J. Ridge, Governor and Honorable Ernest D. Preate, Jr., and Lynne Abraham, District Attorney of Philadelphia, Appellees.

Supreme Court of Pennsylvania.

Argued May 1, 1996.

Decided July 18, 1996.

Reargument Denied Sept. 24, 1996.

Samuel C. Stretton, Robert M. Jaffe, Stanley Shapiro, Philadelphia, for Appellants.

Greg Teufel, Craig E. Frischman, David G. Ries, Pittsburgh, for City of Pittsburgh.

David Cohen, pro se.

Fredrick Cabell, Jr., Calvin Koons, John G. Knorr, Office of the Attorney General, for Appellees.

Gregory Dunlap, Harrisburg, for the Governor.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The issue raised in this case is whether two home-rule municipalities, Philadelphia and Pittsburgh, may through the passage of ordinances regulate the ownership of so-called assault weapons when the General Assembly has passed a statute prohibiting them from doing so.

Councilman Angel Ortiz, et al. (the Philadelphia appellants) brought this action in Commonwealth Court for declaratory and injunctive relief. The Philadelphia appellants sought to

enjoin the Commonwealth's preemption of Philadelphia's regulation of assault weapons and declare it in violation of the Constitution of Pennsylvania, the home rule charter, and the Home Rule Enabling Act, 53 Pa.C.S. § 13101 et seq. The chancellor denied the Philadelphia appellants' request for preliminary injunction and held that the General Assembly preempted the city's attempt to regulate assault weapons.

Appellees (the Commonwealth) filed preliminary objections in the nature of a demurrer to the Philadelphia appellants' complaint seeking declaratory and injunctive relief. Oral argument was held on the preliminary objections before Commonwealth Court en banc. Subsequent to oral argument, Pittsburgh filed a petition to intervene, which was granted. On February 14, 1995, the en banc Commonwealth Court granted the Commonwealth's preliminary objections and dismissed the request for injunctive and declaratory relief for failure to state a cause of action. This appeal followed.

Commonwealth Court's rationale was that Article 9, Section 2 of the Constitution of Pennsylvania provides that although municipalities have the right to adopt home rule charters, their authority is limited by the Constitution and by acts of the General Assembly. The General Assembly has enacted a statute which preempts the ability of municipalities to regulate firearms, and Philadelphia's ordinance, which purports to impose such regulation, is, therefore, invalid.

Article 9, Section 2 of the Constitution of Pennsylvania provides:

Municipalities shall have the right and power to frame and adopt home rule charters. Adoption, amendment or repeal of a home rule charter shall be by referendum. The General Assembly shall provide the procedure by which a home rule charter may be framed and its adoption, amendment or repeal presented to the electors. If the General Assembly does not so provide, a home rule charter or a procedure for framing and presenting a home rule charter may be presented to the electors by initiative or by the governing body of the municipality. *A municipality which*

*has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at any time.*

(Emphasis added.) On June 17, 1993, the Mayor of Philadelphia signed and approved Bill No. 508, submitted by the city council, which banned certain types of assault weapons in Philadelphia County. In November of 1993, the City of Pittsburgh passed Ordinance 30–1993, which also banned certain specified assault weapons within Pittsburgh's physical boundaries. It is undisputed that these ordinances purport to regulate the ownership, use, possession or transfer of certain firearms.

After these ordinances were enacted the General Assembly passed House Bill 185, which amended Title 18 of the Crimes Code, including the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6124. The amendment, which appears at 18 Pa.C.S. § 6120, provides:

(a) General rule. No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for the purposes not prohibited by the laws of this Commonwealth.
(b) Definition. For the purposes of this section the term "firearms" has the meaning given in Section 5515 (relating to prohibiting of paramilitary training) but shall not include "air rifles" as defined in Section 6304 (relating to sale and use of air rifles).

18 Pa.C.S. § 5515 provides:

"Firearm." Any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon.

■ The sum of the case is that the Constitution of Pennsylvania requires that home rule municipalities may not perform any power denied by the General Assembly; the General Assembly has denied all municipalities the power to regulate the ownership, possession, transfer or possession of firearms; and the municipalities seek to regulate that which the General

Assembly has said they may not regulate. The inescapable conclusion, unless there is more, is that the municipalities' attempt to ban the possession of certain types of firearms is constitutionally infirm.

The appellants, however, insist that there is more. The Philadelphia appellants argue the Pennsylvania Uniform Firearms Act is not uniform, and the prohibition against ordinances regulating firearms, therefore, is invalid. This argument has its basis in the Home Rule Statute governing cities of the first class, namely, Philadelphia:

> No city shall exercise any powers or authority beyond the city limits except such as are conferred by an act of the General Assembly, and no city shall engage in any proprietary or private business except as authorized by the General Assembly. Notwithstanding the grant of powers contained in this act, no city shall exercise powers contrary to or in limitation or enlargement of, powers granted by acts of the General Assembly which are—
>
> * * *
>
> (b) Applicable in every part of the Commonwealth.
>
> (c) Applicable to all the cities of the Commonwealth.

53 Pa.C.S. § 13133. Philadelphia appellants assert that they are limited by the acts of the General Assembly only if those acts are applicable in the entire commonwealth, and the firearms statute is not. In particular, they argue that in Philadelphia County, the legislature requires that a person must be licensed to carry weapons openly and not concealed from sight, 18 Pa.C.S. § 6108,[1] whereas in all other counties of

---

1. The Philadelphia appellants argue:

 Only in Philadelphia must a person obtain a license for carrying any firearm, on a public street or public property, regardless of whether it is unconcealed or concealed. Throughout the rest of the Commonwealth, a license is only necessary if one is carrying a concealed firearm or is carrying one in a vehicle. 18 Pa.C.S.A. 6106(a).

 Philadelphia appellants reply brief at 12.

Pennsylvania, weapons may be carried openly without a license, 18 Pa.C.S. § 6106.[2]

■ This argument is plainly without merit. 18 Pa.C.S. § 6120, the act limiting municipal regulation of firearms and ammunition, applies in every county including Philadelphia. The fact that one section of the Uniform Firearms Act does not apply in every county is immaterial.

■ Next, the Philadelphia appellants, joined by the City of Pittsburgh, argue that although the General Assembly may restrict home rule power to some extent, it may not limit "the ability to perform the basic administrative functions of a municipal government and the ability to fulfill a fundamental purpose for which the City government exists." In particular, appellants assert that "the right of a city to maintain the peace on its streets through the regulation of weapons is intrinsic to the existence of the government of that city and, accordingly, an irreducible ingredient of constitutionally protected Home Rule." Appellants' Brief at 15.

In order to prevail in this argument, appellants would have to establish at a minimum that in matters concerning their "fundamental purpose," home rule municipalities may override limitations on their power set by the General Assembly, and that regulating assault weapons concerns this fundamental purpose.

■ This claim is frivolous. Article 9, Section 2 of the Constitution of Pennsylvania provides:

A municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at any time.

By constitutional mandate, the General Assembly may limit the functions to be performed by home rule municipalities.

2. Municipal appellants also argue that the regulation of firearms is not uniform because 18 Pa.C.S. § 6109(e)(2) imposes requirements for the issuance of a license to carry concealed weapons in Philadelphia not imposed in any other county. House Bill 110, which eliminates any non-uniformity in licensing, was signed into law on June 13, 1995.

 Next, appellants claim that various decisions of this court require that home rule municipalities may be restricted in their powers only when the General Assembly has enacted statutes on matters of statewide concern.[3] Although we agree with appellants that the General Assembly may negate ordinances enacted by home rule municipalities only when the General Assembly's conflicting statute concerns substantive matters of statewide concern, this does not help the municipal appellants, for the matters at issue in this case are substantive matters of statewide concern. Article 1, Section 21 of the Constitution of Pennsylvania provides:

> The right of the citizens to bear arms in defense of themselves and the State shall not be questioned.

3. Municipal appellants cite a number of cases in support of this proposition, among which are the following. In *Lennox v. Clark,* 372 Pa. 355, 93 A.2d 834 (1953), Philadelphia was permitted to regulate "matters affecting merely the *personnel* and *administration* of the offices local to Philadelphia and which are of no concern to citizens elsewhere" 372 Pa. at 379, 93 A.2d 834 (Emphasis in original). In *Warren v. Philadelphia,* 382 Pa. 380, 115 A.2d 218 (1955), Philadelphia was permitted to regulate landlord and tenant matters because the ordinance in question did not conflict with the Landlord Act of 1951. *In re Addison,* 385 Pa. 48, 55, 122 A.2d 272 (1956), held that the although the General Assembly may regulate home rule municipalities in "substantive matters of State-wide concern," "matters affecting merely the *personnel* and *administration* of the offices local to Philadelphia and which are of no concern to citizens elsewhere" may not be regulated (Emphasis in original). In *Ebald v. Philadelphia,* 387 Pa. 407, 128 A.2d 352 (1957), this court reaffirmed its holding in *Lennox v. Clark,* supra, that the · General Assembly may limit the powers of home rule municipalities "in relation to substantive matters of State-wide concern." More recently, in *Commonwealth v. Ogontz Area Neighbors Assn.,* 505 Pa. 614, 483 A.2d 448 (1984), this court held that in dealing with two instrumentalities of the state, a municipal corporation and a state agency, the court would attempt to give effect to the statutes governing both by consideration of the consequences of various interpretations of the governing statutes.

 *Ogontz* is irrelevant to the question of statewide matters of substance versus purely local matters, since it concerns conflicting powers of two state entities, not conflicts between the General Assembly and a municipality. *Warren* also is irrelevant, since it did not involve a conflict between state and municipal regulation. The remaining cases merely stand for the proposition that the General Assembly may negate ordinances enacted by home rule municipalities only on substantive matters of statewide concern.

Because the ownership of firearms is constitutionally protected, its regulation is a matter of statewide concern. The constitution does not provide that the right to bear arms shall not be questioned in any part of the commonwealth except Philadelphia and Pittsburgh, where it may be abridged at will, but that it shall not be questioned in any part of the commonwealth. Thus, regulation of firearms is a matter of concern in all of Pennsylvania, not merely in Philadelphia and Pittsburgh, and the General Assembly, not city councils, is the proper forum for the imposition of such regulation.

For the foregoing reasons, the order of Commonwealth Court is affirmed.

NIX, C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.

NIGRO, J., files a dissenting opinion.

NIGRO, Justice, dissenting.

I cannot agree with the Majority and therefore must respectfully dissent. In my opinion, whenever the state legislature fails to enact a statute to address a continuing problem of major concern to the citizens of the Commonwealth, a municipality should be entitled to enact its own local ordinance in order to provide for the public safety, health and welfare of its citizens.

Since Philadelphia County is besieged by a multitude of violent crimes which occur involving a variety of hand guns and automatic weapons it is fundamentally essential that the local government enact legislation to protect its citizens whenever the state legislature is unable or unwilling to do so.