**NATIONAL RIFLE ASSOCIATION, National Shooting Sports Foundation, Pennsylvania Association of Firearms Retailers**

v.

**CITY OF PHILADELPHIA, Mayor Michael Nutter and Philadelphia City Council, Appellants**

**National Rifle Association, National Shooting Sports Foundation, Pennsylvania Association of Firearms Retailers, Colosimo's, Inc., Firing Line, Inc., Jon Mirowitz, Eugene Walworth, John Olexa and Charles H. Cox, III, Appellants**

v.

**City of Philadelphia, Mayor Michael Nutter and Philadelphia City Council.**

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2008.

Decided June 18, 2009.

Richard Feder and Martha Johnston, Philadelphia, for designated appellant, City of Philadelphia.

C. Scott Shields, Media, for appellees.

BEFORE: LEADBETTER, President Judge,[1] McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge,[2] COHN JUBELIRER, Judge, and BUTLER, Judge.

OPINION BY President Judge LEADBETTER.

The City of Philadelphia, Mayor Michael Nutter and the Philadelphia City Council (collectively, the City) appeal from the order of the Court of Common Pleas of Philadelphia County (trial court), which permanently enjoined the City from enforcing two ordinances regulating the transfer and possession of firearms. The National Rifle Association (NRA), NRA members Jon Mirowitz, Eugene Walworth, John Olexa and Charles H. Cox, III, the National Shooting Sports Foundation, the Pennsylvania Association of Firearms Retailers and two local firearm retailers, Firing Line, Inc. and Colosimo's Inc., (collectively, Plaintiffs) cross-appeal from the trial court's determination that they lack standing to challenge three additional gun control ordinances. We affirm.

The five ordinances at issue herein were adopted by the City on April 10, 2008, in an effort to regulate the ownership and transfer of firearms within the City limits. The Ordinances can be summarized as follows: Bill No. 080017, "Imminent Danger Ordinance," authorizes the temporary removal of firearms from persons found by the court, upon affidavit of two police officers or a district attorney, to pose a risk of imminent harm to themselves or others; Bill No. 080018–A, "Protection From Abuse Ordinance," prohibits persons subject to an active protection from abuse order from acquiring or possessing firearms when such order provides for confiscation of the firearms; Bill No. 080032–A, "Lost or Stolen Gun Ordinance," requires gun owners to report their lost or stolen firearms to law enforcement officials within twenty-four hours after discovery of the loss or theft; Bill No. 080033, "Assault

---

1. This case was reassigned to the author on January 27, 2009.

2. The decision in this case was reached before January 1, 2009, when Judge Friedman assumed the status of senior judge.

Weapons Ordinance," prohibits the possession, sale and transfer of certain offensive weapons, including assault weapons, as well as certain contraband accessories or ammunition; and finally, Bill No. 080035–A, "Straw Purchaser Ordinance," prohibits any person when purchasing a handgun from acting as a straw purchaser and prohibits the purchase of more than one handgun within any thirty-day period, except for any person who is not a straw purchaser.

Plaintiffs filed a complaint seeking declaratory and injunctive relief, asserting that the Ordinances are unconstitutional[3] and preempted by Section 6120(a) of the Pennsylvania Uniform Firearms Act (Firearms Act), 18 Pa.C.S. § 6120(a).[4] On April 17, 2008, the trial court entered a preliminary injunction temporarily restraining the City from enforcing the Ordinances. Following a hearing, by order dated June 3, 2008,[5] the trial court permanently enjoined the City from enforcing the Assault Weapons Ordinance and the Straw Purchaser Ordinance, concluding that they were preempted by state law. The trial court also determined that the Plaintiffs failed to establish standing to challenge the remaining three Ordinances, thus barring Plaintiffs' challenge to these three Ordinances on procedural grounds. Thereafter, the parties filed post-trial motions, which the trial court denied.

On appeal to this court,[6] we are faced once again with a challenge to the City's latest attempt to regulate certain activity with respect to firearms in its ongoing efforts to address the unfortunate and tragic proliferation of gun crimes in the City.[7] In this most recent attempt, the City first argues that it is not preempted from regulating all conduct in the area of firearms by Section 6120 of the Firearms Act and that case law supports its adoption of both the Assault Weapons Ordinance and the Straw Purchaser Ordinance as long as they do not intrude "within the zone that has been expressly preempted by the Commonwealth," *i.e.*, the regulation of lawful activity. City's Brief, at 5. The City contends that by enacting the Assault Weapons Ordinance, it is merely regulating in more detail that which the state has already made unlawful under the prohibited offensive weapons statute, Section 908(c) of the Crimes Code, which bans any "implement for the infliction of serious

---

3. Article I, Section 21 of the Constitution of Pennsylvania provides that the "right of the citizens to bear arms in defence of themselves and the State shall not be questioned."

4. Specifically, Section 6120(a) states:

(a) General rule.—No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth.

5. Although the trial court's opinion states that the order was issued on June 20, 2008, the docket reflects that the order was issued on June 3, 2008. Reproduced Record (R.R.) at 10a.

6. Because this case raises only questions of law our review is plenary.

7. Section 10–821a.(1)(a) of the Assault Weapons Ordinance, entitled, "Legislative Findings," provides:

The Council finds that the use of offensive weapons as implements of serious crime in Philadelphia represents an increasing danger to the lives and safety of all the residents thereof. In particular, certain paramilitary assault weapons have become the weapons of choice of those engaged in drug trafficking and other enterprises of organized crime. The threat to the lives of Philadelphia police officers has become particularly acute as a result of this ongoing trend.

Bill No. 080033, § 10–821a.(1)(a), R.R. at 33a.

bodily injury which serves no common lawful purpose." 18 Pa.C.S. § 908(c). This, the City further asserts, is a permissible exercise of its legislative power enacted " 'in aid and furtherance of the purpose of the general law,' " which it deems appropriate to protect the citizens of the City of Philadelphia and the members of the Philadelphia Police Department. City's Brief, at 31 [quoting *Western Pennsylvania Restaurant Assoc. v. Pittsburgh*, 366 Pa. 374, 381, 77 A.2d 616, 620 (1951) (quotation and citation omitted)]. Finally, the City argues that because the Straw Purchaser Ordinance also regulates only unlawful activity, *i.e.*, prohibiting persons from acting as "straw purchasers," which is defined in the Ordinance as "[a]ny person who conducts or attempts to conduct a gun purchase on behalf of another person," Bill No. 080035–A, § 10–831(1)(c), the City is legislating in an area not preempted by the language of Section 6120 of the Firearms Act.

Plaintiffs countervailing argument is that the City is barred from enacting *any* gun control ordinance pursuant to statewide preemption under Section 6120 of the Firearms Act and by prior decisions of this Commonwealth. *See, Ortiz v. Commonwealth*, 545 Pa. 279, 681 A.2d 152 (1996); *Clarke v. House of Representatives*, 957 A.2d 361 (Pa.Cmwlth.2008), *notice of appeal filed* (74 M.A.P. 2008, October 6, 2008); and *Schneck v. City of Philadelphia*, 34 Pa.Cmwlth. 96, 383 A.2d 227 (1978). The Plaintiffs assert that there is no "zone" within which the City may reasonably or in any manner regulate firearms and that neither the language of Section 6120 itself nor any case law supports or suggests such an exception. In their cross-appeal, Plaintiffs assert that as gun owners and/or firearms retailers, they are aggrieved by the three remaining Ordinances, which substantially impact their right to sell, transfer, purchase, and possess firearms within the City of Philadelphia, and that these Ordinances have created a substantial, direct and immediate harm to them. Therefore, Plaintiffs argue, the trial court erred in determining that they did not have standing to challenge these Ordinances. We will address Plaintiffs' cross-appeal first.

■ Under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, individuals are granted the right to request a declaratory judgment if their rights are affected by a statute or municipal ordinance. 42 Pa.C.S. § 7533. "Although the Declaratory Judgments Act is to be liberally construed, one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy." *Pennsylvania State Lodge v. Dep't of Labor & Indus.*, 692 A.2d 609, 613 (Pa.Cmwlth.1997) (citation omitted). In order for Plaintiffs to sustain an action with respect to the three remaining Ordinances, they must:

> allege a particularized, concrete injury to [themselves] which is causally traceable to the complained-of action by the defendant and which may be redressed by the judicial relief requested ... Additionally, the line of causation between the alleged illegal conduct and injury cannot be too attenuated.

Trial Court Opinion, at 4 (citations omitted). The three Ordinances that the trial court held that Plaintiffs lacked standing to challenge are: Bill No. 080017, "Imminent Danger Ordinance;" Bill No. 080018–A, "Protection From Abuse Ordinance;" and Bill No. 080032–A, "Lost or Stolen Gun Ordinance." Because we agree with the trial court's determination that the Plaintiffs failed to establish any injury sufficient to confer standing with respect to

these three Ordinances, we affirm and adopt that portion of the opinion of then Judge Jane Cutler Greenspan,[8] entered in *National Rifle Association v. City of Philadelphia*, 2008 WL 5210185 (April Term, 2008, No. 1472, filed June 30, 2008).

■ We turn now to the City's appeal and its argument that the Assault Weapons Ordinance and the Straw Purchaser Ordinance are not preempted by Section 6120 because the very language of that section indicates that the General Assembly intended only to preclude local regulation of *lawful* activity. Section 6120 states, in pertinent part, that "[n]o county, municipality or township may in any manner regulate the *lawful* ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth." 18 Pa.C.S. § 6120(a) (emphasis added). Because the underlying activity the City seeks to regulate is *unlawful*, it contends that it is not precluded from enacting these Ordinances.

In *Clarke v. House of Representatives*, 957 A.2d 361 (Pa.Cmwlth.2008), *notice of appeal filed* (74 M.A.P.2008, October 6, 2008), Philadelphia City Council persons, Darrell L. Clarke and Donna Reed Miller, filed an action seeking to have the court declare that seven gun ordinances passed by City Council and signed by then-Mayor John Street could take immediate effect and that Section 6120 was unconstitutional and did not apply to those ordinances because the ordinances did not regulate the "carrying or transporting" of firearms. The City argued that the General Assembly's inclusion of the qualifying phrase "when carried or transported," in Section

6120 indicated their intention to limit preemption of local firearms regulation accordingly, and would allow local regulation of any uses of firearms which does *not* involve carrying or transporting them. The City further argued that because our Supreme Court in *Ortiz v. Commonwealth*, 545 Pa. 279, 681 A.2d 152 (1996), did not address the qualifying phrase "when carried or transported," it was not controlling. However, in rejecting the City's arguments, we concluded that:

> Given *Schneck* and *Ortiz*, we cannot agree with this construction of the Firearms Act. The ordinances struck down in those cases were not qualitatively different in that respect from those at issue here. While Petitioners point out that the qualifying phrase 'when carried or transported' was not specifically discussed in *Ortiz*, in light of its broad and unqualified language, we cannot distinguish *Ortiz* on this basis.

*Clarke*, 957 A.2d at 364.

Similarly here, the fact that the Court in *Ortiz* did not discuss the statutory language relied upon by the City does not provide a legitimate basis for us to ignore its holding. Unfortunately, with respect to the matter before us, while we may agree with the City that preemption of 18 Pa.C.S. § 6120(a) appears to be limited to the *lawful* use of firearms by its very terms, we believe, however, that the crystal clear holding of our Supreme Court in *Ortiz*, that, "the General Assembly has [through enactment of § 6120(a)] denied all municipalities the power to regulate the ownership, possession, transfer or [transportation] of firearms,"[9] precludes our acceptance of the City's argument and the trial court's thoughtful analysis on this

---

**8.** The Honorable Jane Cutler Greenspan is currently a Justice of the Pennsylvania Supreme Court.

**9.** 545 Pa. at 283, 681 A.2d at 155.

point. As the Supreme Court stated in *Ortiz:*

> Because the ownership of firearms is constitutionally protected, its regulation is a matter of statewide concern. The constitution does not provide that the right to bear arms shall not be questioned in any part of the commonwealth except Philadelphia ... where it may be abridged at will, but that it shall not be questioned in any part of the commonwealth. Thus, regulation of firearms is a matter of concern in all of Pennsylvania, not merely in Philadelphia ... and the General Assembly, not city council[ ], is the proper forum for the imposition of such regulation.

545 Pa. at 287, 681 A.2d at 156.

Accordingly, we affirm the order of the trial court permanently enjoining the City from enforcing the provisions of the Assault Weapons Ordinance and the Straw Purchaser Ordinance.[10]

### ORDER

AND NOW, this 18th day of June, 2009, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter, is hereby AFFIRMED for the reasons stated in the foregoing opinion.

## CONCURRING AND DISSENTING OPINION BY Judge SMITH–RIBNER.

I concur in the decision of the majority to affirm the order of the Court of Common Pleas of Philadelphia County that the National Rifle Association, the National Shooting Sports Foundation, the Pennsylvania Association of Firearms Retailers, Colosimo's, Inc., Firing Line, Inc., Jon Mirowitz, Eugene Walworth, John Olexa and Charles H. Cox, III lacked standing to challenge three of the City's five Gun Ordinances on constitutional grounds. The Ordinances were adopted on April 10, 2008 in the City's ongoing efforts to curtail the proliferation and flow of illegal weapons on the streets of Philadelphia.

The three Ordinances are identified by the majority, and they include: *Bill No. 080017* ("Imminent Danger Ordinance" authorizing temporary seizure of firearms from persons found by the court, upon affidavit of two police officers or a district attorney, to pose a risk of imminent personal harm to themselves or to others); *Bill No. 080018–A* ("Domestic Abuse Ordinance" prohibiting persons subject to an active protection from abuse order from acquiring or possessing firearms when such order provides for confiscation of the firearms); and *Bill No. 080032–A* ("Lost or Stolen Gun Ordinance" requiring firearm owners to report their lost or stolen firearms to law enforcement officials within twenty-four hours after discovery of the loss or theft).

I part with the majority however with respect to its decision to affirm the trial court's order in connection with the remaining two Ordinances on the premise that the legislature has preempted all local regulation of firearms even when they are used for unlawful purposes. These Ordinances are identified as *Bill No. 080033* ("Assault Weapons Ordinance" prohibiting persons from owning, possessing or transferring any contraband weapon, accessory or ammunition) and *Bill No. 080035–A*

---

**10.** Because we conclude that the Ordinances in question are preempted by Section 6120 of the Firearms Act, we need not reach the City's argument that the assault weapons at issue fall within the definition of prohibited offensive weapons under Section 908(c)'s "catch-all" provision, which includes, after certain enumerated items, "or other implement for the infliction of serious bodily injury which serves no common lawful purpose." 18 Pa. C.S. § 908(c).

("Straw Purchaser Ordinance" prohibiting any person when buying a handgun from acting as a straw purchaser and prohibiting the purchase of more than one handgun within any thirty-day period, except as to any person who is not engaged in the unlawful conduct of acting as a straw purchaser).

I dissent from the majority's determination that the Ordinances under review are preempted by Section 6120 of the Pennsylvania Uniform Firearms Act of 1995, *as amended,* 18 Pa.C.S. § 6120, and I reject the contention that it is "crystal clear" from the Supreme Court's holding in *Ortiz v. Commonwealth,* 545 Pa. 279, 681 A.2d 152 (1996), that the legislature has denied all municipalities the power to regulate ownership, possession, transfer or transportation of firearms, even where they are used for unlawful purposes. The majority agrees with the City that preemption "appears to be limited to the *lawful* use of firearms by its very terms," op. at 82, but notwithstanding this concession the majority proceeds to rely on *Ortiz,* which did not resolve this issue either expressly or impliedly. Total preemption in this area of the law is not as clear as the majority presumes, and its view remains rebutted by the dissent in *Clarke v. House of Representatives,* 957 A.2d 361 (Pa.Cmwlth.2008), *notice of appeal filed* (74 MAP 2008, October 6, 2008), until the Supreme Court issues a definitive, clear and precise decision in the matter.

I emphasize the Supreme Court's statement in *Nutter v. Dougherty,* 595 Pa. 340, 361, 938 A.2d 401, 414 (2007), that it could not "stress enough that a home rule municipality's exercise of its local authority is not lightly intruded upon," with any ambiguities regarding such local authority to be resolved in the municipality's favor. In reviewing preemption case law, the Supreme Court noted its prior explicit reaffirmation of the "stringency" of its preemption precedent by noting that it had "found preemption only in the areas of alcoholic beverages, anthracite strip mining, and banking[,]" 595 Pa. at 362, 938 A.2d at 414, as of its 1999 writing in *Mars Emergency Med. Servs. v. Township of Adams,* 559 Pa. 309, 740 A.2d 193 (1999).

At the time of the decision in *Nutter* as well as the decision in *Mars EMS* the Supreme Court certainly was aware of *Ortiz,* involving local regulation that banned ownership of certain types of assault weapons within City boundaries. It is logical to presume, therefore, that the omission in *Nutter* of firearms regulation as an area in which the Supreme Court had found total preemption leaves open the question of whether total preemption does in fact exist in this area, especially when the issue involves local regulation of unlawful as opposed to lawful use of firearms within a municipality's boundaries.

A final point involves the majority's quote from *Ortiz* that regulation of firearms is not a matter of concern merely in Philadelphia. While that statement is true, it should be analyzed in conjunction with the rights and powers of the City as a home rule municipality to exercise authority to protect its citizens along with its police officers against gun violence caused by the unlawful use of firearms within the City's boundaries. In the dissent in *Clarke* I emphasized the senseless deaths that occur from gun violence suffered in the City by innocent citizens and by police officers acting in the line of duty. I take judicial notice again of the fact that more innocent citizens have been killed in Philadelphia from gun violence and that additional Philadelphia police officers were killed from gun violence in 2008 and in 2009 while acting in the line of duty: Sergeant Patrick McDonald and Police Officer

John Pawlowski.[1] In his dissent in *Ortiz,* Former Justice Nigro summed up the need for a City besieged by violent crime involving use of firearms to enact local legislation to protect its citizens, which in this case include not only the City's innocent citizens but also include its police officers acting in the line of duty.