J-S35031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARLES E. SMITH, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONALD KELCHNER | : | No. 1379 MDA 2023 |

Appeal from the Order Entered June 9, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2007-05406

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: OCTOBER 2, 2024**

Appellant, Charles E. Smith, Jr., purports to appeal from the order entered in the Cumberland County Court of Common Pleas, marking Appellant's case as terminated. For the following reasons, we dismiss the appeal as moot.

The relevant facts and procedural history of this appeal are as follows. On September 12, 2007, Appellant filed a *pro se* petition for a writ of mandamus, claiming that he had been transferred between state correctional institutions, but had not been allowed to take all his personal property to his new accommodations. Appellant asserted that he had filed prison grievances, which were ignored. On September 25, 2007, the trial court entered an order stating that the Court of Common Pleas did not have jurisdiction, and dismissing Appellant's petition without prejudice to Appellant's right to file the action in a court of proper jurisdiction, citing 42 Pa.C.S.A. § 761 (discussing

actions in which Commonwealth Court has original jurisdiction) and ***Jamal v. Dept. of Corrections***, 549 A.2d 1369 (Pa.Cmwlth. 1988), *appeal denied*, 520 Pa. 620, 554 A.2d 512 (1989) (holding that petitions for mandamus seeking to compel actions by Department of Corrections are properly within Commonwealth Court's original jurisdiction).

Over 15 years later, on March 27, 2023, the trial court sent Appellant a notice of proposed termination of Appellant's court case, informing Appellant that it intended to terminate his case due to inactivity per Pa.R.J.A. 1901 (discussing termination of inactive cases).[1] By order dated May 25, 2023, and time stamped June 9, 2023, the court entered an administrative order dismissing the action for lack of docket activity. Nevertheless, notice of entry of the order was not sent to Appellant per Pa.R.C.P. 236.

On July 13, 2023, Appellant filed a *pro se* motion for reconsideration. The court denied the motion on July 21, 2023. In the order, the court stated: "We note that the June 2, 2023 hearing on the Rule to Show Cause why this action should not be terminated was canceled after it became clear the action was DISMISSED [without] prejudice by Order dated September 25, 2007." (Order, filed 7/24/23, at 1).[2] Appellant filed a *pro se* notice of appeal on September 15, 2023. On September 28, 2023, the trial court ordered

_____

[1] As discussed in more detail ***infra***, the proposed termination notice was apparently an inadvertent error as the matter had already been dismissed.

[2] The Rule to Show Cause referenced in the order is not included in the certified record.

- 2 -

Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied on October 20, 2023.

On November 28, 2023, this Court issued an order directing the trial court to provide Rule 236 notice of the June 9, 2023 termination order within 10 days, and stating that the previously filed notice of appeal would be treated as filed after the provision of Rule 236 notice. The trial court complied with this order.

Preliminarily, we observe:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. …
>
> * * *
>
> [T]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*) (internal citations and quotation marks omitted). "If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." *Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d

1177, 1183 n.3 (Pa.Super. 2007).

Instantly, on September 12, 2007, Appellant filed a *pro se* petition for a writ of mandamus in the trial court. On September 25, 2007, the trial court dismissed the petition for lack of jurisdiction, without prejudice to Appellant's right to file his prayer for relief in the Commonwealth Court, which has original jurisdiction over mandamus actions. *See* 42 Pa.C.S.A. § 761; *Jamal, supra*. Over 15 years later, the court sent Appellant a notice of proposed termination pursuant to Pa.R.J.A. 1901 for lack of docket activity. The record indicates that this notice must have been an inadvertent clerical error because the matter had already been dismissed 15 years prior. Indeed, the court's order denying Appellant's motion for reconsideration of the termination order seems to concede as much, by stating that the hearing on the rule to show cause was canceled once it became clear the action had been dismissed in 2007.

As the underlying mandamus action was dismissed in 2007, there is no longer a case or controversy that exists for which we could grant relief.[3] *See In re D.A., supra*; *Delaware River, supra*. Additionally, no exceptions to the mootness doctrine are applicable here. *See In re D.A., supra*. Further, even if we could vacate the 2023 termination order, such action would not revive Appellant's mandamus action that was dismissed in 2007. Thus, as a

_____

[3] Even if the mandamus action was still active, we would lack jurisdiction to consider it, as the Commonwealth Court has original jurisdiction in such matters. *See* 42 Pa.C.S.A. § 761; *Jamal, supra*.

- 4 -

practical matter, our ruling would have no legal force or effect. ***See id.***

Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/02/2024